IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY W. MOORE,**<br><br>      Plaintiff,<br><br>   v.<br><br>**MICHAEL J. ASTRUE, Commissioner of Social Security,**<br><br>      Defendant. | CIV F 05-775  AWI JMD<br><br>ORDER ON MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 40) |

   Plaintiff Timothy Moore ("Moore") seeks judicial review of the final decision of Defendant Commissioner of Social Security, Michael Astrue. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(C)(15).

   On October 1, 2007, the Magistrate Judge filed findings and recommendations in which he recommended granting judgment in favor of Moore and remanding the matter for further proceedings. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within fifteen days. Defendant filed two objections on October 12, 2007.

   In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C this court has conducted a *de novo* review. See Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Having carefully reviewed the file and the specific objections of the Commissioner, the court finds that the

findings and recommendations are supported by the record and by proper analysis.[1]

    1.    First Objection

Defendant objects that the recommendation fails to discuss that the Administrative Law Judge ("ALJ") rejected the opinion of Dr. Smith (an examining, non-treating physician), not only based on the opinion of Dr. Peery (a non-examining, consultant), but also because Dr. Smith's opinions were based heavily on Moore's subjective description of his symptoms.[2] See Court's

However, Moore clearly has an underlying medical condition (a lumbar injury/form of disc degeneration that the ALJ found to be "severe") and there was no finding of malingering by the ALJ. See Administrative Record ("AR") at 19. Thus, to reject Moore's subjective testimony of his pain, symptoms, and limitations, the ALJ "must provide 'specific, cogent reasons for the disbelief,'" and "those reasons for rejecting the claimant's testimony must be clear and convincing." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1036-40 (9th Cir. 2007). It is not enough to simply say that Moore's symptoms are subjective.[3] See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ noted Moore engaged in a variety of daily activities. See AR at 17. However, Moore's daily activities appear to be of a light nature, short in duration, and insubstantial.[4] See

---

[1] The parties are familiar with the facts. For a detailed factual account, including a review of the administrative findings and record, see the Findings and Recommendation. See Court's Docket Doc. No. 40.

[2] The key opinion appears to be Moore's ability to sit. Dr. Smith opined that Moore could sit for 1 hour out of an 8 hour day, see Administrative Record at 160, while Dr. Peery opined that Moore could set for 6 hours in an 8 hour day. See id. at 179.

[3] The cases cited by Defendant that an ALJ can reject the subjective testimony of a claimant are distinguishable. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005), dealt with the presence of an "impairment." Here, the ALJ found that Moore had a severe medical condition. See Administrative Record at 19. Where an underlying medical condition or impairment is found, subjective testimony cannot be so easily disregarded. See Lingenfelter, 504 F.3d at 1036-37; Orn, 495 F.3d at 635. In *Batson v. Comm'r of SSA*, 359 F.3d 1190, 1196-97 (9th Cir. 2004), *Morgan v. Comm'r of SSA*, 169 F.3d 595, 603 (9th Cir. 1999), and *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992), the respective ALJ's each gave sufficiently specific, substantial, supported reasons for rejecting the claimants' subjective testimony. In *Brawner v. Secretary of Health & Human Services*, 839 F.2d 432, 433-34 (9th Cir. 1988), the ALJ properly rejected Brawner's testimony due to Brawner's own conduct, and his physician's opinions were based on Brawner's complaint's. Here, the ALJ did not identify conduct by Moore that would render him "incredible."

[4] The ALJ noted that Moore testified that he could drive. This is true, but there is no indication of how long or how frequently Moore drives.

1  AR at 226-231; cf. Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001).

2  Also, while the ALJ noted that Dr. Diaso released Moore to vocational rehabilitation in
3  2001 and that prior to September 2004 Dr. Diaso had most recently seen Moore in November
4  2003, Dr. Smith's opinions were made in June of 2003, and Dr. Diaso's opinion regarding
5  Moore's inability to sit was shortly before the hearing in 2004.[5]  See AR at 160, 201.  In other
6  words, there is a three year gap between Dr. Diaso's 2001 and 2004 opinions, and Dr. Smith
7  formed his opinion of Moore's limitations five months prior to Moore's November 2003 visit to
8  Dr. Diaso.

9  Simply because an examining, non-treating physician's opinions appear to be based in
10  part on a claimant's subjective testimony is not sufficient grounds alone to reject that opinion in
11  favor of a non-examining, consulting physician.  Cf. Lester, 81 F.3d at 830-31, 834; Gallant v.
12  Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); cf. also Lingenfelter, 504 F.3d at 1036-40.
13  Although a physician's opinion may be rejected where it rests heavily on a claimant's subjective
14  testimony and the claimant has been properly found to be "incredible," for example as in
15  *Brawner*, Moore's situation does not appear to be comparable to *Brawner*.  Cf. Brawner v.
16  Secretary of Health and Human Services, 839 F.2d 432, 433-34 (9th Cir. 1988).  This objection is
17  overruled.[6]

18  2.   Second Objection

19  Defendant also objects that the recommendation did not take into account that Dr.
20  Smith's opinion was contrary to Moore's testimony regarding his shoulder.  Moore's testimony
21  regarding his shoulder is not necessarily inconsistent with Dr. Smith's opinions.  Moore testified
22  that he had "shoulder pain" about two or three times per year and that lasted between 10 and 15
23  minutes.  See AR at 229.  Moore also testified that he cannot lift with his right hand and, that in
24  the last 12 months, his right hand got numb and tingled heavily about eight to ten times for about

---

[5] It should be noted that Dr. Diaso is a chiropractor, and by regulation, he is not considered an "acceptable medical source."  See 20 C.F.R. § 404.1513(d).  As such, Dr. Diaso's evidence is entitled to less weight than an "acceptable medical source."  See Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996).

[6] Also, the ALJ noted that medical records stated that Moore was not a candidate for surgery.  However, there is no explanation why Moore is not a candidate.

10 to 15 minutes per occurrence. See id. at 229-30.  Dr. Smith opined that Moore can "occasionally do work below the shoulder level and above the shoulder on the right.  He cannot work with his right hand overhead.  He can lift 20 pounds maximum with his right hand." AR at 160.  Nevertheless, irrespective of Moore's shoulder condition, Moore testified that his "number one" complaint was his back and leg, that he can sit only for between 20 and 30 minutes maximum, and that he does not sit anymore. See id. at 226, 229.  There is nothing in Moore's testimony that undermines Smith's opinion (or Dr. Diaso's, for that matter) regarding Moore's ability to sit.[7]  This objection is overruled.

## CONCLUSION

The Magistrate Judge correctly concluded that the ALJ's rejection of Dr. Smith's opinions in favor of Dr. Peery's opinion was not based on sufficiently specific and legitimate reasons or supported by substantial evidence in the record. See Moore v. Comm'r of the SSA, 278 F.3d 920, 924 (9th Cir. 2002); Lester, 81 F.3d at 830-31.  Defendant's objections to the Magistrate Judge's findings and recommendations are overruled.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued by the Magistrate Judge on October 1, 2007, are adopted in full;
2. Moore' motion for summary judgment is GRANTED;
3. Judgment in favor of Plaintiff and against Defendant shall be ENTERED;
4. This case shall be REMANDED to the Defendant for proceedings consistent with this order; and
5. The Clerk shall close this case.

IT IS SO ORDERED.

**Dated:   January 29, 2008**            /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE

---

[7] The ALJ noted that, per Dr. Brubaker's 2002 records, Moore had good results with pain medication.  Dr. Brubaker's records also indicate that Moore still had pain even with the medication. See AR at 190.  Good results with medication is not inconsistent with a restriction of 1 hour of sitting or testimony that he cannot sit for longer than 20 to 30 minutes. See AR at 226-31.